**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4701**

_____

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

        v.

BRANDON MONQUEE WILLIAMS,

       Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:16-cr-00006-BO-1)

_____

Submitted: August 24, 2017                Decided: August 28, 2017

_____

Before GREGORY, Chief Judge, and SHEDD and DIAZ, Circuit Judges.

_____

Dismissed in part, affirmed in part by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Monquee Williams pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, 18 U.S.C. §§ 922(g)(1), 924 (2012), and the district court sentenced Williams to 48 months' imprisonment. On appeal, Williams' counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), certifying that no meritorious grounds exist for appeal but questioning whether the district court procedurally erred in calculating Williams' base offense level at sentencing. The Government has moved to dismiss the appeal based on the appeal waiver in Williams' plea agreement. Williams has received notice of the right to file a pro se supplemental brief and, through counsel, has filed a response to the motion to dismiss, asking the court to conduct an *Anders* review.

We conclude that Williams' appeal waiver is valid because he entered it knowingly and intelligently. *See United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Williams waived the right to appeal his conviction and any sentence within or below the applicable advisory Sentencing Guidelines range. Accordingly, we grant the Government's motion to dismiss and dismiss the appeal as to any issues within the compass of the waiver that are waivable by law. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (recognizing that certain claims cannot be waived by plea agreement). We also conclude that the record does not support any claims that cannot be waived by plea agreement. *See, e.g., United States v. Copeland*, 707 F.3d 522, 530 (4th Cir. 2013); *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994).

2

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore dismiss the appeal in part and affirm the district court's judgment as to any issue not precluded by the appeal waiver. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*